MARTIN, APPELLEE, *v.* MARTIN ET AL., APPELLANTS, ET AL.

(No. 77-557—Decided April 26, 1978.)

104

106

*Messrs. Eastman, Stichter, Smith & Bergman, Mr. Jamille G. Jamra* and *Mr. David M. Jones*, for appellee.

*Messrs. Shumaker, Loop & Kendrick, Mr. Robert B. Gosline* and *Mr. Thomas I. Webb, Jr.*, for appellants, Fred J. Martin, Donald J. Martin, Walter H. Zebulske, Benedict L. Martin and James J. Martin.

O'NEILL, C. J.  Appellants' arguments are encompassed in three propositions of law, which state as follows:

1. "A trust which provides that distributions shall be made in the sole and absolute discretion of the trustee is a discretionary trust and as such is not subject to being reached by a creditor's bill brought by a creditor of one of the beneficiaries."

2. "A divorced wife holding an out-of-state lump sum alimony award reduced to an Ohio judgment has no different status nor greater rights than any other judgment creditor."

3. "A trust which terminates at a specified date and which is to be distributed at that time to each living child of the donor or to the living issue of any deceased child of the donor (who shall succeed to such deceased child's share) does not create a vested interest in any such child until the time for distribution, survival to such date being a condition precedent to vesting."

Under their first proposition of law, appellants urge that the trust in question is a discretionary trust and, therefore, the trust property can not be reached by a creditor of a beneficiary.

The trust instrument provides, in Section 2(a), Article II, that until the principal of the trust is distributed "the Trustees shall from time to time pay to the child for whom such trust is designated * * * so much of the net income and, if necessary, of the principal of such trust held for such child as Walter H. Zebulske, as one of the Trustees, or any successor appointed to succeed him as trustee, in his or her sole and absolute discretion, shall deem necessary or advisable for the comfort, care, support and education of such adult child of Donor."

The trust instrument provides, in Article III, entitled "Prohibition Against Alienation," as follows:

"Section 1. If the beneficiaries hereunder shall attempt at any time or times to alienate, sell, conspire, assign, pledge or otherwise encumber the whole or any part of the income and/or principal reserved to such beneficiary, or if any such beneficiary should become a debtor in bankruptcy proceedings, or if any creditor or person having a claim or demand of any sort against any such beneficiary, levies an attachment or otherwise attempts to subject the income and/or principal reserved hereunder to such beneficiary to the satisfaction of such beneficiary's debts or other obligations, then and in that event and from that time forward, the absolute right of such beneficiary to the income and/or principal hereunder reserved shall cease and determine and all income and/or principal hereunder reserved for such beneficiary, shall thereafter be held and distributed by the Trustees during the remainder of the life of the trust for such beneficiary in all or any of the following ways:

"(a) All or any part of such income may be accumulated, or

"(b) Such part of such income, accumulated income and principal which may be needed or desirable for the education, care, comfort or support of such beneficiary or

108

such beneficiary's spouse and/or issue, if any, may be paid to or applied to the use of such beneficiary or such beneficiary's spouse and/or issue, if any, as the Trustees in their absolute and uncontrolled discretion think fit.''

The foregoing provisions of the trust instrument are similar to the provisions of the testamentary trust construed by the court in *Bureau of Support* v. *Kreitzer* (1968), 16 Ohio St. 2d 147, 243 N. E. 2d 83. Those provisions read:

'' * * * [I]n the event a share is established upon my death for the benefit of my daughter, Naomi M. Swallow, the trustee shall distribute, in its sole and absolute discretion, so much of the income and the principal of her share as it, in its sole and absolute discretion, determines to be necessary for her care, comfort, maintenance and general well-being for and during her lifetime. Any income from her share of the trust estate not distributed by the trustee as hereinabove provided for her benefit shall be divided equally among the other shares of the trust * * * ''

It was argued in *Kreitzer* that the beneficiary had ''no claim to any distribution.'' The court determined otherwise, reasoning, at page 150, as follows:

''* * * The trust is equivocal. It confers upon the trustees 'absolute and sole discretion,' but defines the standard by which that discretion is to be employed. It can, therefore, be characterized neither as a purely discretionary trust nor as a strict support trust. See 1 Restatement of the Law, Trusts, 2d 320, 323, Sections 154, 155.

''Admittedly, the beneficiary of a discretionary trust for care, comfort, maintenance or well-being is endowed with no property which an ordinary creditor may reach. When, however, a fiduciary's discretion, notwithstanding it is 'absolute or sole,' is to be exercised with reference to needs for care and maintenance, that discretion cannot be wholly beyond a review which measures the actual need against the standard by which payments may be made. 3

Scott on Trusts (3 Ed), 1501, Section 187, Control of Discretionary Powers; 1 Restatement of the Law, Trusts, 2d 408-409, Section 187."

Thus, the trust in question may be characterized as being neither "a purely discretionary trust nor as a strict support trust." Therefore, appellants' argument, that due to the discretionary nature of the trust the trust property may not be reached by a creditor, is not well taken.

The terms of the trust here indicate that the trustees are empowered in their "sole and absolute discretion" or their "absolute and uncontrolled discretion" to distribute income and principal to the beneficiaries. That "absolute" discretion, however, as was the case in *Kreitzer*, "is to be exercised with reference to needs" for either the "comfort, care, support and education of such adult child of donor" or, in the event of attempted alienation or attachment for debt, the "education, care, comfort or support of such beneficiary or such beneficiary's spouse and/or issue."

The latter quoted provision from the trust instrument evinces an intention on the part of the settlor that the trustees may be required to exercise their discretion to distribute income or principal for the purposes there described in the event of attempted alienation or attachment for debt. Application of the rationale of the *Kreitzer* case here leads to the conclusion that the trustees can be required, after attempted alienation or attachment, to distribute income or principal for purposes of "education, care, comfort or support of such beneficiary or such beneficiary's spouse and/or issue," and that debts incurred for the enumerated purposes are obligations which the trustees are required to discharge.

It is thus necessary to determine whether appellee's claim as a judgment creditor falls within the ambit of those debts which the trustees may be required to satisfy from the trust income and principal prior to distribution of the corpus. The determination of this issue will resolve the question posed in appellants' second proposition of law

which asserts that a divorced wife's judgment for alimony should not be accorded a favored status over claims of other creditors.

Stated in the language of the trust which is pertinent to this issue, the question is whether the trustees are obligated under their directions to pay for "support of such beneficiary or such beneficiary's spouse" to satisfy the judgment which is based on appellee's alimony award.

The first determination to be made here, which is self-evident, is that appellee is no longer the spouse of the beneficiary and, therefore, she does not fall within the provision which would entitle her, as spouse of the beneficiary, to support. The second determination to be made is whether the obligation of the trustees to "support" the beneficiary extends to payment of appellee's alimony.

There appears to be a split of authority on the question of whether the income of a trust for support of a husband can be reached to satisfy an ex-wife's claim for alimony or child support. Annotation, 91 A. L. R. 2d 262, 272.

1 Restatement of Trusts 2d, 328, Section 157, provides, in part:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary, (a) by the wife or child of the beneficiary for support, or by the wife for alimony; * * * "

The Comment on Section 157(a) reads in part:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against him for support by his wife or children. In some cases a spendthrift clause is construed as not intended to exclude the beneficiary's dependents. Even if the clause is construed as applicable to claims of his dependents for support, it is against public policy to give full effect to the provision. The beneficiary should not be permitted to have the en-

joyment of his interest under the trust while neglecting to support his dependents. * * * "

Inasmuch as the trust instrument here provides for the support of the beneficiary's issue, the question of whether the trust income is reachable for child support is not presented. The pertinent language of the trust instrument does not show an intention on the part of the settlor that trust income be used for the payment of alimony. For this court to hold that trust income can be devoted to alimony in such circumstances would go beyond the terms of the trust as established by the settlor and, in effect, engraft additional terms to the trust and impute an intention to the settlor not warranted from the trust instrument itself. As stated in *Erickson* v. *Erickson* (1936), 197 Minn. 71, 78, 266 N. W. 161:

" * * * If alimony or support money is to be an exception to the protection offered by spendthrift provisions, it must be by some justifiable interpretation of the donor's language by which such implied exception may be fairly construed into the instrument of trust."

In the absence of language in the trust instrument showing an intention on the part of the settlor that trust income for support of the beneficiary be used for the payment of alimony, this court is unwilling to hold that such income is reachable by a judgment creditor for that purpose.

The foregoing holding, of course, applies only to disbursements of income and principal during the life of the trust inasmuch as Section 1, Article III of the trust instrument, which instructs the trustees as to distribution in the event of attempted alienation or attachment, applies only "during the remainder of the life of the trust." The trust instrument provides upon termination of the trust that "the Trustees shall distribute to each living child of Donor, the principal and undistributed income of the trust * * * then being held and administered * * * for such child."

Appellants' third proposition of law is to the effect

that the beneficiary has no interest in the trust property which is to be distributed upon termination of the trust since survival until that time is a condition precedent to vesting of such interest in the trust property.

Although it is true that the beneficiary's distribution is dependent upon his being in existence at that time and the amount to be distributed is indefinite and not now capable of ascertainment, the trustees have no discretion but to make distribution to the beneficiary upon termination of the trust. Thus, the distribution of the principal and undistributed income upon termination of the trust is different from distribution of the income and principal during the life of the trust.

The beneficiary's right to receive distribution of the principal and undistributed income upon termination of the trust is an equitable future interest. "A future interest, whether contingent or executory, is alienable." *Moore* v. *Foresman* (1962), 172 Ohio St. 559, 179 N. E. 2d 349; R C. 2131.04. Thus, the interest of the beneficiary upon termination of the trust can be subjected to a court order requiring the trustees to apply to appellee's judgment "any property, money or disbursements from corpus or income which become payable to or for the benefit of defendant Fred J. Martin * * * until the same is satisfied in full," as ordered by the Court of Appeals.

The judgment of the Court of Appeals, as it relates to distribution of income and principal prior to termination of the trust, is reversed; but, as it relates to distribution of principal and undistributed income upon termination of the trust, the judgment of the Court of Appeals is affirmed.

*Judgment reversed in part and affirmed in part.*

HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., concurs in the judgment.
CELEBREZZE, J., dissents.