**In re John S. McCOMBE, Shirley S. McCombe, Debtors.**

**Thomas C. SCOTT, Trustee, Plaintiff,**

**v.**

**BANK ONE TRUST COMPANY, N.A. and John S. McCombe, Defendants.**

Bankruptcy No. 2–86–02928.
Adv. No. 2–87–0063.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 1, 1988.

Daniel R. Swetnam, Schwartz, Kelm, Warren & Rubenstein, Columbus, Ohio, for Bank One Trust Co., N.A.

Thomas C. Scott, Thompson, Hine & Flory, Columbus, Ohio, Bankruptcy Trustee.

David M. Whittaker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for debtors.

## OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon cross motions for summary judgment and responses and replies thereto filed by defendant, Bank One Trust Company, N.A. ("Bank One") and by plaintiff Thomas C. Scott, the trustee in bankruptcy for the estate of John McCombe ("Bankruptcy Trustee"). McCombe has supported Bank One's motion by a memorandum in opposition to the summary judgment motion of the Bankruptcy Trustee.

The complaint initiating this action requests the Court to declare the rights of the Bankruptcy Trustee, Bank One and McCombe in a trust of which McCombe is the beneficiary and for which invalidity of a spendthrift-type provision is asserted. The complaint also seeks to have Bank One, as the trustee of the trust, turn over certain property in the trust to the Bankruptcy Trustee as property of the bankruptcy estate. It is estimated that the trust assets were in excess of $200,000 at the time McCombe's bankruptcy case was filed.

The Court has jurisdiction in this proceeding pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

### Statement of Uncontested Facts

The uncontested facts are as follows. John McCombe first encountered financial difficulties in the late 1970's during his operation of a business known as McCombe Motors, Inc. Those difficulties led to the imposition of several assessments for unpaid tax obligations against McCombe Motors, Inc. by the United States of America, Internal Revenue Service ("IRS") and even-

tually led to the sale of the assets of the business to satisfy IRS's claims. Subsequent to that sale, on September 4, 1981, McCombe formed a new corporation known as John McCombe, Inc. Less than a year later, IRS advised McCombe that penalties in the amount of $108,288.22 were being assessed directly against him. Other creditors also began to assert liens against McCombe, and on August 26, 1986, McCombe and his wife filed for relief under Chapter 7 of the Bankruptcy Code.

At issue in this adversary proceeding is a provision of The Jeanette G. Brewer 1984 Revocable Trust ("Brewer Trust"), of which McCombe is the beneficiary. Section 4.2 of the Brewer Trust provides that, upon the death of grantor Jeanette Brewer, Bank One, as trustee of the Brewer Trust, is to distribute the trust assets free of trust to McCombe. Because Brewer was concerned with providing McCombe with the trust assets and did not want the property to go to McCombe's creditors, the Brewer Trust included what is commonly referred to as a "spendthrift" provision. That provision, found in Section 4.2 of the Brewer Trust, prohibited Bank One from distributing trust assets to McCombe if certain specified conditions existed. Those conditions included McCombe's insolvency, any filings of bankruptcy by McCombe, or any existing situation which would cause the assets, if distributed, not to be enjoyed by McCombe. Upon Bank One's determination that any of those conditions existed, Bank One was directed to hold the trust assets and make only discretionary distributions to McCombe for support. Bank One also was directed, upon the removal of all the conditions, to distribute outright to McCombe all previously retained principal and undistributed income.

Brewer died on June 22, 1984, and the Brewer Trust was immediately funded. However, Bank One did not distribute the trust property to McCombe because it determined that McCombe was insolvent and would not personally enjoy the benefit of the assets. Instead, Bank One had authority only to make discretionary payments to McCombe for support as provided for in the Brewer Trust. On August 26, 1986

when McCombe filed his petition in Chapter 7, Bank One further determined that three conditions existed which prohibited distribution of the assets of the Brewer Trust other than for discretionary support purposes.

### Issues Raised by the Motions

The Bankruptcy Trustee, by his complaint, asks the Court to order Bank One to turn over the assets of the Brewer Trust as property of the bankruptcy estate within the meaning of 11 U.S.C. § 541(a). Bank One, as trustee of the Brewer Trust, asserts that the trust assets are excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2), which provides that a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy laws is enforceable in a case under this title." If the spendthrift provision is enforceable under applicable non-bankruptcy law, which in this case is Ohio trust law, it is also enforceable under the Bankruptcy Code and the assets of the Brewer Trust would be excluded from the bankruptcy estate.

The Bankruptcy Trustee further contends, should this Court determine that the spendthrift provision of the Brewer Trust is enforceable, that McCombe has an equitable future interest in the trust assets which is property of the bankruptcy estate.

Because there are no genuine issues of material fact disputed by the parties, both the Bankruptcy Trustee and Bank One moved for summary judgment on the legal implications of the Brewer Trust agreement under Ohio law as impacted by the provisions of the Bankruptcy Code. The parties agree that section 4.2 of the Brewer Trust is a spendthrift provision. They disagree as to whether such provision in this trust is valid and enforceable in Ohio.

### Conclusions of Law

Section 541(a) of the Bankruptcy Code governs what becomes property of the bankruptcy estate. Generally such estate includes all legal or equitable interests of

the debtor in property unless such interests are specifically excluded by other provisions of § 541. Specifically, § 541(c)(2) excludes from property of the estate a debtor's interest in a spendthrift trust to the extent applicable state law recognizes such spendthrift trust interest as valid and enforceable. *See In re Shuman,* 68 B.R. 290 (Bankr.D.Nev.1986); *aff'd,* 78 B.R. 254 (9th Cir. BAP 1987); *In re Jones,* 43 B.R. 1002 (N.D.Ind.1984); *In re Osburn,* 56 B.R. 867 (Bankr.S.D.Ohio 1986).

Because the terms of the Brewer Trust provide for application of Ohio law, the issue then becomes whether Ohio recognizes spendthrift trusts as valid and enforceable. Unfortunately, Ohio law is unclear on this point. As it appears that the decision of this Court may have implications for other non-bankruptcy applications, the Court would have preferred to certify this issue to the Supreme Court of Ohio for establishment of the law in this area. Although the Supreme Court recently established a procedure for certification of unclear questions of state law, such procedure apparently may not be available to bankruptcy courts. Accordingly, this Court will make that determination.

The primary case relied upon by the Bankruptcy Trustee is *Sherrow v. Brookover,* 174 Ohio St. 310, 189 N.E.2d 90 (1963). In *Sherrow,* a creditor was attempting to reach trust assets to satisfy a judgment obtained against the beneficiary of the trust. After examining the trust document, the Supreme Court of Ohio determined that while the beneficiary had "continuing and enforceable" rights in the trust assets, his creditors could not be denied access to those assets. In other words, the beneficiary in *Sherrow* still had full legal rights to the assets of the trust. If the Court enforced the provision of the trust denying creditors the right to execute against the trust assets, in effect, beneficiaries of such trusts would be permitted to avoid their legal debts while still maintaining legal rights to trust assets. The *Sherrow* Court realized that this result was undesirable because it would allow a trust donor to exempt from execution property that is not otherwise permitted by statute

to be exempted. *Id.* at 315, 189 N.E.2d at 94. Therefore, the Supreme Court of Ohio held that "an owner of property should not, without legislative authority, be permitted, by setting up a spendthrift trust, to exempt either such property or the income therefrom from the claims of the creditors of a beneficiary who is entitled under such trust to such property or income therefrom." *Sherrow,* 174 Ohio St. at 316, 189 N.E.2d at 94.

The other major Ohio decision in this area involved a discretionary trust provision which yielded the same result as a spendthrift provision. *Martin v. Martin,* 54 Ohio St.2d 101, 374 N.E.2d 1384 (1978). The plaintiff, a judgment creditor, sought to satisfy her judgment for past alimony payments by attaching the defendant's interest in a trust. The trust in *Martin* provided that its beneficiary would have full legal rights to the principal and undistributed income of the trust upon its termination 25 years from the date of execution of the trust agreement. But, if at any time any beneficiary attempted to assign or otherwise alienate his interest or if any creditor of any beneficiary levied an attachment, the absolute right of that beneficiary ceased. Whatever was left of the principal and undistributed income at that time was to be distributed on a discretionary basis by the trustee. The trustee had full control over the amount to be distributed based upon what he felt was necessary for the beneficiary's support. *Martin,* 54 Ohio St.2d at 104–105, 374 N.E.2d at 1387.

The *Martin* Court held that the language of the trust instrument did not show an intent on the part of the grantor that the income should be used for the payment of court-ordered alimony. Therefore, the Court denied the right of the plaintiff to require the trustee of the trust to distribute assets on account of her judgment. *Martin,* 54 Ohio St.2d at 111, 374 N.E.2d at 1390.

As requested by the Bankruptcy Trustee in his motion requesting the Court to consider supplemental authority, the Court reviewed the recently decided case of *In re Gribben,* 84 B.R. 494 (S.D.Ohio 1988). In

*Gribben,* District Judge Graham briefly discussed the status of spendthrift trusts under Ohio law and recognized the *Sherrow* and *Martin* holdings. Judge Graham then refused to permit Gribben to exclude from his bankruptcy estate his continuing and enforceable right to receive payments from a profit-sharing plan trust solely because of an anti-alienation provision inserted in the trust document to assist the profit-sharing plan in meeting ERISA qualification standards. *Gribben,* 84 B.R. at 496.

Given these decisions, it appears that Ohio recognizes the right of a donor/settlor to determine how her property is used. More precisely, if a settlor wishes to exclude a trust beneficiary's creditors from the scope of her largess, she may do so. However, that power must be balanced against fairness to the beneficiary's creditors and the absence of fraud upon their legitimate interests. Such fairness may be accomplished by limiting the beneficiary's right to receive the property. The pendulum swings too far in favor of the settlor if the beneficiary may receive the property, but his creditors may not execute against it. The settlor/donor may limit the gift, but such limitation must also include the beneficiary. If the settlor does not want the property reached by levy instituted by the creditors of the beneficiary, not only must such creditors be prevented from executing against the assets, but the beneficiary also must be stripped of power to direct the trustee of the trust to distribute to him assets of the trust. It is clear that such provisions have been recognized historically. See *Nichols v. Eaton,* 91 U.S. (1 Otto) 716, 23 L.Ed. 254 (1875).

These observations do not end the analysis, however. McCombe does not have a presently enforceable interest in the assets of the Brewer Trust and cannot presently compel Bank One to distribute assets to him. Nor can Bank One be presently compelled to distribute to the Bankruptcy Trustee as the representative of McCombe's creditors. However, McCombe retains an equitable future interest in the trust. That interest is his right to receive the assets of the Brewer Trust once the

disqualifying "conditions" have been alleviated.

The effect of such an interest was discussed in *Martin,* 54 Ohio St.2d at 112, 374 N.E.2d at 1391. Upon the termination of the *Martin* trust by the passage of years, its trustee was required to distribute all principal and undistributed income to the trust beneficiaries. In that situation the Supreme Court of Ohio specifically held that the right of a beneficiary to receive that principal and income was an unvested equitable future interest which was alienable and could be subjected to execution by a judgment creditor at that time. *Martin,* 54 Ohio St.2d at 112, 374 N.E.2d at 1391.

Once the disqualifying conditions in the Brewer Trust are removed, either because the bankruptcy case has been concluded, the asset has been abandoned or claims not subject to the debtor's discharge in bankruptcy have been paid, McCombe likewise has an absolute right to the trust assets. Under *Martin,* that absolute right to require distribution of the trust assets is an alienable, equitable future interest.

This Court believes the retention of such an interest would cause the Supreme Court of Ohio to declare unenforceable the spendthrift provisions of the Brewer Trust. In essence, the settlor has attempted not only to prevent her property from going to creditors of her beneficiary while at the same time providing for support of her beneficiary based upon the discretion of a fiduciary, but also to permit her beneficiary to compel distribution of the property free of the claims of his creditors in a manner beyond that permitted by the exemption statutes enacted by the Ohio legislature. This Court finds that such overreaching causes the spendthrift provision to fail. The provision, therefore, is not a restriction which is enforceable under Ohio law within the meaning of 11 U.S.C. § 541(c)(2).

The failure of the spendthrift provision in the Brewer Trust means that McCombe has an enforceable right to distribution of the assets of the trust consistent with section 8.4 of the trust agreement. Accordingly, McCombe's interest in the Brewer Trust is property of the bankruptcy estate,

not excluded by the provisions of 11 U.S.C. § 541(c)(2).

Initially the Court considered a result in this matter which would represent essentially an impasse or "Catch 22" solution. That is, McCombe could not compel distribution of the trust assets until the conditions were removed, and the Bankruptcy Trustee could not obtain enforceable rights in the trust assets until McCombe's rights became present and enforceable. But McCombe's rights could not become present and enforceable so long as the Bankruptcy Trustee's interest remained. Such a result, while technically defensible, appeared to this Court to be practically unworkable and, therefore, unwise. Accordingly, the holding adopted herein resulted from a balancing of the policy considerations which the Court believes underlie the existing holdings of the Supreme Court of Ohio, the United States Supreme Court and the English Courts of Chancery.

Based upon the foregoing, the Bankruptcy Trustee's motion for summary judgment is sustained and Bank One's cross motion for summary judgment is denied. The assets of the Brewer Trust shall be turned over to the Bankruptcy Trustee as property of the bankruptcy estate.

IT IS SO ORDERED.