OPINION
{¶ 1} Appellant Mildred Harrower appeals the decision, of the Tuscarawas County Court of Common Pleas, Probate Division, that granted Appellee David Harrower's motion to dismiss appellant's motion to invade the corpus of an irrevocable trust created by appellant. The following facts give rise to this appeal.
 {¶ 2} On August 1, 1995, appellant executed an irrevocable trust agreement. Appellant placed, into the trust, assets valued at approximately $250,000. Appellant appointed her son, Appellee David Harrower, as trustee. According to the terms of the trust agreement, appellant was to receive the net income from the trust assets. In addition, appellant retained other assets for her own use totaling nearly $100,000, including an IRA, which appellant controlled at the time she executed the trust agreement. Appellant also receives Social Security income.
 {¶ 3} Since the creation of the trust, the income from the trust has diminished yearly. Further, appellant has dissipated her own funds and in doing so, incurred almost $10,000 in income taxes for one year. As a result, the IRS imposed a levy, on the trust assets, to recover the unpaid taxes, even though the assets were clearly trust property. Thereafter, appellee learned of the existence of an annuity that had increased in value. Appellee paid the IRS levy amount from the increased value of the annuity and the remaining increased value to appellant.
 {¶ 4} On May 29, 2003, appellant filed a motion requesting the invasion of the corpus of the trust. In the motion, appellant alleges she owes money to The Landing of Canton and the IRS. Appellant also alleges she is entitled to money from an annuity. Finally, appellant claims appellee and his sister are residual beneficiaries of the trust and are acting without consideration of her. Appellee filed a motion to dismiss on July 8, 2003. The probate court sustained appellee's motion on September 23, 2003. In doing so, the trial court concluded the accusations against appellee lack merit and appellee has no discretion allowing him to invade the trust.
 {¶ 5} On October 14, 2003, appellant filed objections to the accounting of funds and expenditures filed on September 22, 2003, for the period September 1, 2002 to August 31, 2003. The probate court conducted a hearing on appellant's objections. On December 3, 2003, the court overruled the objections.
 {¶ 6} Appellant filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court erred in determining that the trustee cannot invade the principal of the trust to pay the beneficiary.
 {¶ 8} "II. The trial court committed reversible error in dismissing the objections to the account.
 {¶ 9} "III. The trial court committed reversible error in failing to order the trustee to distribute the capital gains and stock dividends.
 {¶ 10} "IV. The trial court in error (sic) that appellant did provide to trustee her financial records.
 {¶ 11} "V. The trial court committed error in denying appellant's motion for findings of fact and conclusions of law."
 I {¶ 12} In her First Assignment of Error, appellant contends the probate court erred when it determined appellee cannot invade the principal of the trust in order to pay her for minimal support and maintenance. We disagree.
 {¶ 13} In support of this assignment of error, appellant cites the cases of Bureau of Support in Dept. of Mental Hygieneand Correction v. Kreitzer (1968), 16 Ohio St.2d 147; Martin v.Martin (1978), 54 Ohio St.2d 101; and In the Matter of theTrust of Leslie E. Gantz (Nov. 7, 1986), Delaware App. No. 86-CA-19. These cases stand for the proposition that where the trust instrument gives sole discretion to the trustee to provide for the support of a person, the trustee may be compelled to exercise that discretion and provide support under certain circumstances.
 {¶ 14} However, in the case sub judice, the trust instrument does not give appellee the sole discretion to provide for appellant. Instead, the language of the trust instrument provides as follows:
 {¶ 15} "Upon the agreement of residuary beneficiaries David Harrower and Rosanna Baskin, or the survivor thereof, the Trustee may at any time pay to or apply for the benefit of, the Settlor any amounts of principal from the trust estate that the Trustee deems necessary or advisable for the care, maintenance or support of the Settlor. Nothing in this agreement shall obligate any residuary beneficiary to agree to payment of any part of the principal for the benefit of the Settlor."
 {¶ 16} "When construing provisions of a trust, our primary duty is to `ascertain, within the bounds of the law, the intent of the * * * settlor.' Domo v. McCarthy (1993),66 Ohio St.3d 312, 314, 612 N.E.2d 706, 708. The express language of the trust guides the court in determining the intentions of the settlor.Casey v. Gallagher (1967), 11 Ohio St.2d 42, 40 O.O.2d 55,227 N.E.2d 801. Any words used in the trust are presumed to be used according to their common, ordinary meaning. Albright v.Albright (1927), 116 Ohio St. 668, 157 N.E. 760." In the Matterof the Trust U/W of Brooke, 82 Ohio St.3d 553, 557,1998-Ohio-185.
 {¶ 17} In the matter currently under consideration, appellee has no discretion to invade the principal of the trust unless the residuary beneficiaries, appellee and his sister, unanimously agree to do so. Further, the principal may be invaded only for the care, maintenance or support of appellant. Thus, we find the trial court did not err when it denied appellant's motion to invade the corpus of the trust. The probate court properly concluded that appellee has no discretion allowing him to invade the trust and can only do so if permitted by agreement of the residual beneficiaries. Judgment Entry, Sept. 23, 2003, at 2.
 {¶ 18} Appellant's First Assignment of Error is overruled.
 II {¶ 19} Appellant maintains, in her Second Assignment of Error, the probate court erred when it dismissed the objections to the accounting of funds and expenditures. We disagree.
 {¶ 20} Appellant filed objections to appellee's accounting alleging appellee failed to properly distribute the income from the trust. The probate court overruled appellant's objections and made the following findings of fact in doing so:
 {¶ 21} "1. These Objections are the most current complaints of Mrs. Harrower in a constant litany of allegations filed against the Trustee from the inception of this Trust. All previous allegations have been groundless.
 {¶ 22} "2. Due to the actions of Mildred Harrower, this Trust has incurred a tax penalty of $9,616.69. The I.R.S. attached assets of the Trust to pay the penalty. Mr. Harrower received a payment on behalf of the Trust in the amount of $11,194.37, with such money coming from an annuity. Mr. Harrower replaced the $9,616.69 taken by the I.R.S. with the annuity funds and distributed the remainder to his mother." Judgment Entry, Dec. 3, 2003, at 1.
 {¶ 23} Appellant cites no evidence, in the record, to support her argument that the probate court's findings of fact are in error and the objections should have been sustained. Instead, as noted by the probate court in its judgment entry, the accumulated interest in the annuity was paid to appellant, less the amount of money appellant owed the I.R.S. Thus, the probate court properly overruled appellant's objections.
 {¶ 24} Appellant's Second Assignment of Error is overruled.
 III {¶ 25} Appellant maintains, in her Third Assignment of Error, the trial court erred when it failed to order appellee to distribute the capital gains and stock dividends. We disagree.
 {¶ 26} In support of this assignment of error, appellant refers to appellee's fifth report which indicates capital gains in the amount of $24,156.36. Appellant claims she is entitled to the capital gains as net income. We have reviewed the motion appellant filed with the probate court. The capital gains issue was not raised in appellant's five-part motion. Further, appellant did not file a transcript of the hearings conducted by the trial court on September 2, 2003 and December 1, 2003. Appellant also does not cite any evidence, in the record, to support this argument
 {¶ 27} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the trial court's proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Because appellant failed to provide this court with those portions of the transcript necessary for resolution of this assignment of error, we must presume the regularity of the proceedings.
 {¶ 28} Appellant's Third Assignment of Error is overruled.
 IV {¶ 29} Appellant contends, in her Fourth Assignment of Error, that she did provide to appellee her financial records. This statement is not an assignment of error as contemplated by App.R. 16(A)(3). This rule provides as follows:
"(A) Brief of the appellant
 {¶ 30} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 "* * * {¶ 31} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "* * *" {¶ 32} Appellant's statement does not set forth an assignment of error for our review. Instead, it appears to be made as a response to appellee. This is not proper under App.R. 16(A)(3).
 {¶ 33} Appellant's Fourth Assignment of Error is overruled.
 V {¶ 34} In her Fifth Assignment of Error, appellant maintains the probate court erred when it denied her motion for findings of fact and conclusions of law. We disagree.
 {¶ 35} On September 23, 2003, pursuant to Civ.R. 12, the probate court granted appellee's motion to dismiss the motion filed by appellant on May 29, 2003. Following the dismissal of her motion, appellant asked the probate court to make findings of fact and conclusions of law. On October 15, 2003, the probate court refused to issue further findings of fact and conclusions of law on the basis that the judgment entry issued by the probate court on September 23, 2003 clearly stated the facts and the court's reasoning.
 {¶ 36} Thereafter, appellant filed her notice of appeal on December 30, 2003. Appellant did not timely file her notice of appeal, pursuant to App.R. 4(A), as it pertains to the denial of her request for findings of fact and conclusions of law. Further, under Civ.R. 52, a court is not required to make findings of fact and conclusions of law upon a motion made pursuant to Civ.R. 12. Accordingly, the probate court did not err when it overruled appellant's request to make findings of fact and conclusions of law.
 {¶ 37} Appellant's Fifth Assignment of Error is overruled.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Tuscarawas County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs assessed to appellant.