OPINION *Page 2 
{¶ 1} Pursuant to a remand order from the Ohio Supreme Court, we herein further consider the appeal of the June 30, 2005 decision of the Court of Common Pleas, Licking County, Ohio, brought by Appellant Loretta Pack, Trustee of the Maebelle W. Osborn Trust. Said decision originally found the trust to be a countable resource in regard to Medicaid eligibility for Charlotte Osborn, a beneficiary of the Osborn trust. The appellee herein is the Licking County Department of Job and Family Services ("LCDJFS"). The Ohio Attorney General is participating as amicus curiae. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} On October 7, 1987, Maebelle W. Osborn, grantor, executed an inter vivos trust for the benefit of herself and her three adult children. The language of the trust includes the following dispositive provision:
 {¶ 3} " * * * The Trustee may, until the death of her daughter CHARLOTTE OSBORN, distribute to or expend for the benefit of MAEBELLE W. OSBORN, CHARLOTTE OSBORN, ARTHUR ELWOOD OSBORN and LORETTA PACK so much of the principal and the current or accumulated income therefrom, at such time or times and in such amounts and manner as the Trustee, in her sole discretion, shall determine. Any amounts of income which the Trustee shall determine not to distribute to or to expend for the benefit of MAEBELLE W. OSBORN, CHARLOTTE OSBORN, ARTHUR ELWOOD OSBORN and LORTETTA PACK may be accumulated.
 {¶ 4} "In making such distribution is (sic) my intent that my Trustee use income or principal for the benefit of my children only for purposes other than providing food, *Page 3 
clothing or shelter that is to be used only to meet supplemental needs over and above those met by entitlement benefits."
 {¶ 5} Maebelle W. Osborn Trust Agreement, Oct. 7, 1987, at part 2(a).
 {¶ 6} Grantor Maebelle W. Osborn died in December 1991, at which time Appellant Loretta Pack became trustee, pursuant to paragraph 5 of the trust.
 {¶ 7} One of Maebelle's children, Charlotte Osborn, now in her mid-sixties, is physically and mentally disabled. On May 7, 2004, an application was made for Charlotte with Appellee LCDJFS for Medicaid and Home Community Based Services. LCDJFS thereupon determined that Charlotte was not eligible for Medicaid benefits and services because of her beneficiary interest in the Osborn Trust, which had a corpus of approximately $265,000.00 at the time of Medicaid application.
 {¶ 8} On May 7, 2004, Appellant Pack, as trustee, also filed a civil complaint in the Licking County Court of Common Pleas for declaratory judgment, and, in the alternative, reformation of the Osborn Trust. Three days after filing the complaint, the trial court appointed a guardian ad litem for Charlotte. The trial court conducted a pretrial and referred the matter to a magistrate. On October 12, 2004, appellant filed a motion for summary judgment. LCDJFS responded to appellant's motion for summary judgment and filed a cross-motion for summary judgment.
 {¶ 9} On December 17, 2004, the magistrate issued his decision granting LCDFS's motion for cross-summary judgment and denying appellant's motion for summary judgment. Pursuant to Civ. R. 52, appellant requested the magistrate to issue separate findings of fact and conclusions of law. The magistrate thus filed an amended decision on January 19, 2005, which included the following conclusions: *Page 4 
 {¶ 10} "I. The Licking County Department of Job and Family Services correctly determined that the Trust is a countable resource for purposes of determining Medicaid eligibility because it correctly disregarded the discretionary clause contained in the Maebelle W. Osborn Trust, per the Ohio Revised Code and the Administrative Code.
 {¶ 11} "II. The Trustee of the Maebelle W. Osborn Trust can be compelled to invade the trust principal for the medical care and proper maintenance of Charlotte Osborn as she has an ownership interest in the Trust which she can access through the courts.
 {¶ 12} "III. The Young and Carnahan decisions are rendered moot by the amendments to Ohio Administrative Code Section 5101:1-39-27.1 and the enactment of Ohio Revised Code Section 5111.151.
 {¶ 13} "IV. The Maebelle W. Osborn Trust cannot be reformed because the intent of the settlor cannot be ascertained within the bounds of law."
 {¶ 14} Amended Magistrate's Decision with Findings of Fact and Conclusions of Law, Jan. 19, 2005, at 2-4.
 {¶ 15} Thereafter, appellant filed objections to the magistrate's decision. On June 16, 2005, the trial court affirmed the magistrate's decision finding the Osborn Trust is required to be counted as an available resource in accordance with R.C. 5111.151(G)(2). The trial court also found that R.C. 5111.151(G)(4)(a) does not apply to the Osborn Trust because the trust does not require that any portion of the trust or any part of the income and principal be set aside for other beneficiaries or remaindermen. Judgment Entry, June 16, 2005, at 1. The trial court filed a judgment entry nunc pro tunc on June 30, 2005, reaching the same conclusion. *Page 5 
 {¶ 16} Appellant timely appealed to this Court. Upon review, we reversed the trial court's decision that the trust must be counted as an available resource for Medicaid eligibility purposes, concluding" * * * that the plain meaning of the restrictive language in the Maebelle Osborn Trust is intended to provide Charlotte with a source of supplemental support that would not jeopardize her access to basic assistance from Medicaid." Pack v. Osborn, Licking App. No. 05 CA 83,2006-Ohio-2253, ¶ 34.
 {¶ 17} Appellee LCDJFS subsequently sought certification of a conflict from this Court, which we granted on June 14, 2006. The Ohio Supreme Court thereafter determined the existence of a conflict. The Ohio Supreme Court additionally accepted the case as a discretionary appeal on October 4, 2006. On January 17, 2008, the Ohio Supreme Court reversed and remanded to this Court, with instructions for further review. SeePack v. Osborn, 117 Ohio St.3d 14, 555 N.E. 2d 555, 2008-Ohio-90.
 {¶ 18} Accordingly, appellant herein sets forth the following issue pursuant to the Ohio Supreme Court's directive:
 {¶ 19} "I. ON REMAND, THE COURT OF APPEALS WILL NEED TO DETERMINE (1) THE NATURE OF CHARLOTTE'S INTEREST IN THE TRUST, CONSTRUING THE TRUST ACCORDING TO THE LAW IN EFFECT AT THE TIME IT WAS CREATED AND (2) WHETHER THE TRUST IS AN AVAILABLE RESOURCE UNDER THE MEDICAID-ELIGIBILITY RULES IN EFFECT AT THE TIME OF CHARLOTTE'S APPLICATION." *Page 6 
 I. Nature of Charlotte's Interest in the Trust {¶ 20} Our first determination focuses on the nature of the beneficiary/applicant's interest in the trust, which effectively entails a review of the nature of the trust itself and of the intent of the grantor. See Pack at ¶ 15, 20.
 {¶ 21} As the Ohio Supreme Court recognized in Pack, "[t]rusts that give the trustee the `sole and absolute' discretion to make income and principal distributions for a beneficiary's medical care, care, comfort, maintenance, health, welfare, and general well-being are discretionary trusts, but the trustee must base his or her decisions on the needs of the beneficiary, and his or her discretion can be judged by that standard (`support standard')." Id. at ¶ 17, citing Restatement of the Law 3d, Trusts (2003), Section 50. Thus, as the Court observed inMartin v. Martin (1978), 54 Ohio St.2d 101, 108, 8 O.O.3d 106,374 N.E.2d 1384, certain trusts which confer upon trustees total discretion, but also define the standard by which that discretion is to be employed, can be characterized neither as purely discretionary trusts nor as strict support trusts.
 {¶ 22} If the nature of Charlotte's interest in the trust at issue is to be determined by the grantor's intent, then a simple reading of the language in the trust will tell us what Charlotte's interest was. In simple terms, Charlotte had an equitable interest in the trust assets. Charlotte had no legal interest in any of the assets in the trust. Her right to receive any assets from the trust rested upon the sole discretion of the trustee; no "shall" language is utilized. See Trust Agreement at part 2(a), supra. Thus, nothing in the trust requires the trustee to make any distribution to Charlotte. Certainly, should the trustee decide to make a distribution to Charlotte, the purpose for that distribution is *Page 7 
limited. However, we are herein unable to find the existence of an ascertainable support standard such that Charlotte would be able to compel a distribution from the trust corpus. Accordingly, we hold the Osborn Trust is distinguishable from the type of hybrid trust referenced in Martin, supra, and must, instead, be classified as a purely discretionary trust.
 "Available Resource" Issue {¶ 23} Our second determination centers on whether the Osborn Trust is an "available resource" to Charlotte for purposes of Medicaid eligibility under the rules in effect on May 7, 2004, the date of Charlotte's application for assistance.
 {¶ 24} "In Ohio, ODJFS supervises the administration of Ohio's Medicaid program, * * * and has promulgated rules for doing so under the Ohio Administrative Code, which closely mirrors federal Medicaid law."Pfautz v. Ohio Dept. of Job and Family Services, Marion App. No. 9-06-62,2007-Ohio-6424, ¶ 18. To make our determination in this matter, we turn to OAC 5101:1-39-27.1(C)(4), which addresses "category four" trusts, i.e., trusts established by someone else for the benefit of an individual applying for Medicaid services.[1]
 {¶ 25} However, under the circumstances of the case sub judice, our analysis is restrained. In Pack, the Ohio Supreme Court made clear that "[a] significant aspect of a pure discretionary trust is that its assets are not recognized as an available resource in the Medicaid-eligibility review because a pure discretionary trust lacks a mechanism through which a beneficiary may compel a distribution." Id. at ¶ 19, citingYoung v. *Page 8 
 Ohio Dept. of Human Serv., 76 Ohio St.3d 547, 551, 1996-Ohio-70. Accordingly, upon review, we find the Osborn Trust cannot be considered as an available resource.
 Conclusion {¶ 26} We are persuaded that is was not the intent of the grantor in the case sub judice to create an available resource to the beneficiary so that she would be disqualified from aid made available to her through state or federal agencies. Upon further consideration as directed by the Ohio Supreme Court, we hold that the Maebelle W. Osborn Trust, under which Charlotte is a beneficiary, is purely discretionary and was not an available resource under the laws of Ohio as extant in May 2004, the time of Charlotte's application, and that the trial court's original decision in this matter constituted reversible error.
 {¶ 27} The judgment of the Court of Common Pleas, Licking County, Ohio, dated June 30, 2005, is therefore reversed.
[1] In the case sub judice, the trust in question was established by Maebelle W. Osborn for the benefit of Charlotte, et al. There is no apparent dispute that the corpus of the trust came from assets never owned by Charlotte.
Wise, J. Hoffman, P. J., concurs.
 Gwin, J., dissents. *Page 9