{¶ 28} I dissent from the majority's conclusion the trust is a discretionary trust which is not to be considered an available resource.
 {¶ 29} When a court reviews a trust, its primary duty is to ascertain, within the bounds of the law, the intent of the settlor. In re: TrustU/W of Brooke (1998), 82 Ohio St.3d 553, 557, 697 N.E.2d 191, citingDomo v. McCarthy (1993), 66 Ohio St. 3d 312, 314, 612 N.E.2d 706. When the instrument is unambiguous, the settlor's intent can be determined from the trust's express language. Id. The words in the trust are presumed to be used according to their common, ordinary meaning. Id.
 {¶ 30} The trust in question provided in pertinent part:
 {¶ 31} "* * *
 {¶ 32} "Income and Principal
 {¶ 33} "(a) The Trustee may, until the death of her daughter CHARLOTTE OSBORN, distribute to or expend for the benefit of MAEBELLE W. OSBORN, CHARLOTTE OSBORN, ARTHUR ELWOOD OSBORN and LORETTA PACK so much of the principal and the current accumulated income therefrom, at such time or times and in such amounts and manner as the Trustee, in her sole discretion, shall determine. Any amounts of income which the Trustee shall determine not to distribute to or to expend for the benefit of MAEBELLE W. OSBORN, CHARLOTTE OSBORN, ARTHUR ELWOOD OSBORN and LORTETTA PACK may be accumulated.
 {¶ 34} "In making such distribution (sic) is my intent that my Trustee use income or principal for the benefit of my children only for purposes other than providing food, *Page 10 
clothing or shelter that is to be used only to meet supplemental needs over and above those met by entitlement benefits." Trust Agreement at 2.
 {¶ 35} In Pack, the Ohio Supreme Court observed; "Trusts that give the trustee the "sole and absolute" discretion to make income and principal distributions for a beneficiary's medical care, care, comfort, maintenance, health, welfare, and general well-being are discretionary trusts, but the trustee must base his or her decisions on the needs of the beneficiary, and his or her discretion can be judged by that standard ("support standard"). Restatement of the Law 3d, Trusts (2003), Section 50. * * * FN5
 {¶ 36} "FN5.* * * [T]he assets in a discretionary trust that contains a support standard and also meets the requirements for a supplemental-services trust are not an available resource for Medicaid-eligibility purposes. See R.C. 5815.28 (formerly R.C. 1339.51; renumbered by 2006 Sub. H.B. No. 416, effective January 1, 2007). * * *"
 {¶ 37} In Martin v. Martin (1978), 54 Ohio St.2d 101, 108,8 O.O.3d 106, 374 N.E.2d 1384, the Supreme Court observed certain trusts which confer upon trustees total discretion, but also define the standard by which that discretion is to be employed, can be characterized neither as purely discretionary trusts nor as strict support trusts. The Osborn Trust permits the trustee to exercise discretion on whether to distribute assets, but limits the way the assets may be distributed. It does not provide a support standard.
 {¶ 38} I would find the Osborn trust does not constitute a discretionary trust with a support standard as defined above, but rather is a hybrid as described by the court in Martin. *Page 11 
 {¶ 39} The Osborn Trust also runs afoul of medicaid regulations. OAC-5101:1-39-27.1(C)(4) addresses "category four" trusts:
 {¶ 40} "(a) A trust or legal instrument or device similar to a trust, falls under this category if it meets the following criteria:
 {¶ 41} "(i) The trust is created by someone other than the individual;
 {¶ 42} "(ii) The trust names the individual as a beneficiary; and
 {¶ 43} "(iii) The trust is funded with assets or property that the individual never held an ownership interest in prior to the establishment of the trust."
 {¶ 44} The Osborne Trust meets the above requirements.
 {¶ 45} However, the second subsection of the rule continues:
 {¶ 46} "(b) A portion of a trust in this category is an available resource only if the trust permits the trustee to expend principal, corpus or assets of the trust for the individual's medical care, are, comfort, maintenance, health, welfare, general wellbeing, or a combination of these purposes. The trust is still considered an available resource even if the trust contains any of the following types of provisions:
 {¶ 47} "(i) Any provision prohibiting the trustee from making payments that would supplant or replace medicaid or public assistance, or other government assistance;
 {¶ 48} "(ii) Any provision prohibiting the trustee from making payments that would impact or affect the individual's right or ability or opportunity to receive Medicaid, or public assistance, or other government assistance; or
 {¶ 49} "(iii) Any provision attempting to prevent the trust or its corpus or principal from counting as an available resource under this rule." *Page 12 
 {¶ 50} The trustee for the Osborn Trust may use income or principal to meet the beneficiaries' needs over and above the basic food, clothing and shelter. The settlor here expressly stated that the trust must not interfere with the beneficiaries' eligibility for entitlement benefits or substitute for them. I would find the trust must be considered an available resource pursuant to the rules in effect when Charlotte applied for Medicaid benefits. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, dated June 30, 2005 is reversed.
Costs to Appellee LCDJFS. *Page 1